IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO: 18-cv-80480 MIDDLEBROOKS/BRANNON

TEKsystems, Inc., a corporation,

    Plaintiff,

v.

EasTower Communications, Inc., a corporation,

    Defendant.

_____

## JOINT DISCOVERY PLAN

Pursuant to the Court's July 10, 2018 Pretrial Scheduling Order and Order Referring Case to Mediation, ECF No. 9, Plaintiff/Counterclaim Defendant TEKsystems, Inc. ("TEKsystems") and Defendant/Counterclaim Plaintiff EasTower Communications, Inc. ("EasTower") (collectively, the "Parties") hereby file this Joint Discovery Plan. On July 16, 2018, the Parties conferred regarding the matters specified in Rule 26(f) and paragraph 2 of the Court's July 10, 2018 Order. Below is a report of the conference and outline of the Parties proposed discovery plan:

**1. An estimated valuation of the case from the perspective of Plaintiff and Defendant**

At this time, TEKsystems estimates the value of the damages it seeks from EasTower to be approximately $124,174, plus the attorney's fees and costs incurred in its attempts to collect monies owed to it under the Staffing Services Agreement (the "Agreement") forming the basis of this lawsuit.

EasTower estimates the value of the damages it seeks from TEKsystems to be approximately $250,000 in lost equipment and business income due to the miscoundict of one of the unacceptable leased employees and a credit/offset of any fees owed for him and two other unacceptable leased employees plus attorney's fees and costs.

2. **The date for exchanging initial disclosures pursuant to Rule 26(a)(1)**

On July 2, 2018, EasTower filed its Answer and Counterclaim, ECF 7, to TEKsystem's Complaint. EasTower's responsive pleading is due on or before July 23, 2018. The Parties stipulate that the time for initial disclosures pursuant to Rule 26(a)(1) should be extended until 21 days after TEKsystem files and serves its responsive pleading. The Parties do not anticipate that changes will be necessary regarding the form or the requirements of the initial disclosures.

3. **The subjects on which discovery may be needed**

Both the operative Complaint and Counterclaim involve each side's respective rights and obligations under the Agreement. The Parties anticipate that discovery will focus on each Party's respective performance (or alleged lack thereof) under the Agreement and any claimed damages arising therefrom.

4. **Whether the Parties can agree to limit discovery on particular issues through stipulation**

The Parties agree to confer regarding any potential limits on discovery following Counterclaim Defendant TEKsystems' filing of its responsive pleading to Counterclaim Plaintiff EasTower's counterclaim.

5. **What document discovery is needed**

Document discovery is likely to be needed regarding each of the claims and defenses at issue in this lawsuit and the amount of damages, if any.

**6. Whether discovery should be conducted in phases**

At this time, the Parties do not anticipate the necessity of a phased discovery plan. The pleadings are not yet closed in this matter, however, as Counterclaim Defendant TEKsystems' responsive pleading to Counterclaim Plaintiff EasTower's Counterclaim remains pending. Should the Parties' understanding of the nature of the claims at issue require amendment to the current Scheduling Order or this Joint Discovery Plan, the Parties agree to confer regarding same and promptly submit any proposed changes to the Court.

**7. Whether the Parties expect to have disclosure, discovery, or preservation of electronically stored information, and if so, explain:**

At this time, the Parties do not anticipate issues arising regarding the disclosure of electronically stored information. If such issues arise in the future, the Parties will confer in an attempt to resolve any disputes without the need for involvement of the Court.

**8. What individuals each side intends to depose**

At this time, the pleadings in this matter remain open as Counterclaim Defendant TEKsystems' responsive pleading to Counterclaim Plaintiff EasTower's counterclaim remains pending. Nevertheless, it is anticipated that both TEKsystems and EasTower will depose a corporate representative from the respective counterparty. Following the exchange of initial disclosures pursuant to Rule 26(a)(1), the Parties will confer to identify the fact witness depositions necessary to support each Party's claims and defenses without the need for involvement of the Court.

9. **Any issues about the claims of privilege or protection as trial-preparation materials**

The Parties stipulate that they need not log communications with their attorneys in this lawsuit if required to provide a privilege log. Specifically, TEKsystems need not log communications with its attorneys at Shook, Hardy & Bacon, LLP and EasTower need not log communications with Steven G. Schwartz, Esq or any other attorneys at the Schwartz Law Group relating to the above-styled action.

At this time, the Parties do not anticipate the need for the entry of a protective order regarding discovery. If sensitive, confidential, or proprietary business information is requested during discovery, the Parties may seek the entry of an appropriate protective order governing the treatment of such confidential materials. In that event, the Parties will confer to attempt to determine an appropriate confidentiality agreement and file a joint motion for entry of a protective order regarding the same.

10. **What changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.**

At this time, the Parties do not anticipate the need to change the limitations on discovery under the applicable Federal and Local Rules. If the Parties later determine that such changes may be appropriate, the parties will confer to attempt to resolve any disputes without the need for involvement of the Court.

11. **Whether early mediation or a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.**

At this time, the Parties believe that an early mediation/settlement conference with the assistance of a Magistrate Judge following the closing of pleadings and prior to the close of discovery may assist in settlement efforts.

Dated: July 20, 2018               Respectfully submitted,

BY:  s/ Eric S. Boos                 BY:  s/ Steven G. Schwartz 
    Eric S. Boos                             Steven G. Schwartz
    Florida Bar No.: 107673                   Florida Bar No.: 911417
    eboos@shb.com                             sgs@theschwartzlawgroup.com
    **SHOOK HARDY & BACON, LLP**              **THE SCHWARTZ LAW GROUP**
    201 South Biscayne Boulevard,             6751 North Federal Highway
    Suite 3200                                Suite 400
    Miami, Florida 33131                      Boca Raton, Florida 33487
    Telephone: (305) 358-5171                 Telephone: (561) 395-4747
    Facsimile: (305) 358-7470                 Facsimile: (561) 367-1550

    *Attorney for Plaintiff/Counterclaim*     *Attorney for Defendant/Counterclaim*
    *Defendant TEKsystems, Inc.*              *Plaintiff EasTower Communications, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 20, 2018, a true and correct copy of the foregoing was filed using the Court's CM/ECF system and was served on all counsel or parties of record on the attached Service List by the method indicated.

By: /s/ Eric S. Boos
Eric S. Boos

## SERVICE LIST

Eric S. Boos, Esq.
eboos@shb.com
opiedra@shb.com
e-servicemiami@shb.com
**Shook, Hardy & Bacon LLP**
Miami Center, Suite 3200
201 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-5171
Facsimile: (305) 358-7470

*Attorney for Plaintiff/Counterclaim Defendant TEKsystems, Inc.*

Service via CM/ECF

Steven G. Schwartz, Esq.
sgs@theschwartzlawgroup.com
eservice@theschwartzlawgroup.com
**Schwartz Law Group**
6751 North Federal Highway, Suite 400
Boca Raton, Florida 33487
Telephone: (561) 395-4747
Facsimile: (561) 367-1550

*Attorney for Defendant/Counterclaim Plaintiff EasTower Communications, Inc.*

Service via CM/ECF